UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CHARLES ANDREW THURMAN,  )<br>  )<br>  Defendant.  )<br>_____ ) | 03:06-CR-00169-LRH-RAM<br><br>ORDER |

Presently before the court is Defendant Charles Andrew Thurman's motion to dismiss Counts One through Five of the Superseding Indictment (#28[1]). The Government has filed a response to this motion (#32).

**I. Facts and Procedural History**

On September 12, 2007, a grand jury sitting in the District of Nevada issued a six-count superseding indictment charging Defendant with five counts of failure to pay a child support obligation, in violation of 18 U.S.C. § 228(a)(3), and one count of mail fraud, in violation of 18 U.S.C. § 1341.[2]

On October 10, 2007, Defendant filed a Motion to Dismiss Certain Counts for Multiplicity

---

[1] References to (#XX) refer to the court's docket.

[2] Defendant pled not guilty to all six counts of the Superseding Indictment on October 16, 2007.

of Counts in Violation of the Double Jeopardy Clause and/or to Dismiss the Counts for Violation of the Due Process Clause of the Fifth Amendment to the Constitution.  The Government responded on October 16, 2007.

**II. Discussion**

    **A. Multiplicity**

Defendant first argues that Counts One through Five of the Superseding Indictment are multiplicitous and therefore should be dismissed.  Specifically, Defendant contends that all the facts necessary to prove Count One would also be sufficient to prove Counts Two through Five.  Defendant argues this offends the rule against multiplicitous indictments, which holds that each count of an indictment must require proof of a fact that the other counts do not.

In *United States v. Technic Services, Inc.*, 314 F.2d 1031 (9th Cir. 2002), the Ninth Circuit set forth the following test for determining whether an indictment is multiplicitous[3]:

> The test for multiplicity is whether each count 'requires proof of an additional fact which the other does not.'  An indictment is not multiplicitous merely because it charges more than one violation of the same statute based on related conduct; instead, a defendant can be convicted of multiple violations of the same statute if the conduct underlying each violation involves a separate and distinct act.

*Id.* at 1046 (citation omitted).

The first five counts of the Superseding Indictment allege that Defendant failed to pay child support within the span of five different periods: (1) September 3, 2002 to March 14, 2004; (2) March 1, 2005 to August 18, 2005; (3) August 20, 2005 to May 24, 2006; (4) May 26, 2006 to August 31, 2006; and (5) September 2, 2006 to May 23, 2007.  In each of these counts the Government alleges that "[D]efendant . . . , who did not reside in the state of Nevada, willfully

---

[3] Defendant uses the framework set forth in *United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir. 1976) to analyze whether his indictment is multiplicitous.  However the four-step analysis set forth in *UCO Oil* was only used in determining whether the defendant's indictment was duplicitous. *See UCO Oil*, 546 F.2d at 835-38.  When the *UCO Oil* court turned to the issue of multiplicity, it looked only to the language of the statute at issue. *See id* at 838-39.

2

failed to pay a support obligation with respect to his child who resided in Nevada, which obligation has remained unpaid for a period longer than two years and is greater than $10,000.00 . . . ."

The Government's indictment is flawed because the facts alleged in Count One would also prove a violation of 18 U.S.C. § 228 in Counts Two through Five. By referring to a support obligation "greater than $10,000," it is evident that Congress considered willful failure to pay child support as a continuing offense.[4] That is, it appears Congress intended criminality to attach when nonsupport accumulated to the point that it exceeded $10,000. Thus, a separate offense does not appear to have been intended when nonsupport in excess of $10,000 increased by a succeeding month's new arrearage. Under the facts as they appear in this case, proof that the Defendant failed to pay further child support after the period alleged in Count One would therefore not constitute a separate felony offense.[5] The $10,000 figure being a threshold amount, Counts Two through Five violate *Technic Services*'s rule that each count require proof of an additional fact that the other counts do not.

Dismissal, however, is not the proper remedy for a multiplicitous indictment. *See Wetzel v. United States*, 233 F. 984, 985 (9th Cir. 1916). Instead, the Government may seek a superseding indictment that does not charge Defendant with multiplicitous counts. However, if the Government does not obtain a superseding indictment, the Government must elect a single count from Counts One through Five on which to proceed at trial.

**II. Constitutionality of 18 U.S.C. § 228(b)**

Defendant also moves for dismissal of Counts One through Five on the ground that 18 U.S.C. § 228(b) violates the Due Process Clause of the Fifth Amendment by unconstitutionally

---

[4] The court takes judicial notice that except in the most extreme cases, child support is normally due in monthly payments and in amounts far less than $10,000.

[5] The court expresses no opinion concerning the admissibility of such evidence.

3

shifting the burden of proof of an element of contained within § 228(a)(3).[6]  Section 228(b) provides the following: "The existence of a support obligation that was in effect for the time period charged in the indictment or information creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that time period."

The court agrees with Defendant, and the three district courts to consider this issue, that § 228(b) violates the Fifth Amendment's requirement that the government prove every element of the crime charged beyond a reasonable doubt. *United States v. Pillor*, 387 F. Supp. 2d 1053 (N.D. Cal. 2005); *United States v. Morrow*, 368 F. Supp. 2d 863 (C.D. Ill. 2005); *United States v. Grisby*, 85 F. Supp. 2d 100 (D.R.I. 2000); *see also In re Winship*, 397 U.S. 358, 364 (1970).

The Ninth Circuit has defined the element of willfulness in § 228 as "having the money and refusing to use it for child support; or, not having the money because one has filed to avail oneself of the available means of obtaining it." *United States v. Ballek*, 170 F.3d 871, 873 (9th Cir. 1999). Thus, under § 228(b) and the definition of willfulness in *Ballek*, a jury may presume that a defendant's failure to pay child support is willful based only on a showing that the defendant had a support obligation in effect for the time period charged in the indictment. *Pillor*, 387 F. Supp. 2d at 1056. "This burden-shifting is impermissible because there is an insufficient link between the basic fact of an existing support obligation and the elemental fact of willfulness." *Id.*

However, the court need not find § 228 unconstitutional in its entirety.  The presumption contained in § 228(b) is easily severable from the rest of § 228. *See Grigsby*, 85 F. Supp. 2d at 108-09.  Thus, Defendant may still be prosecuted under this statute, but the Government may not avail itself of the presumption contained in § 228(b).

///

---

[6] 18 U.S.C. 228(a)(3) provides: "Any person who willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 2 years, or is greater than $10,000; shall be punished as provided in subsection (c)".

4

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's motion to dismiss Counts One through Five on the basis that these counts are multiplicitous (#28) is DENIED to the extent that it seeks dismissal of all of these counts. The Government may wish to seek a superseding indictment that is not multiplicitous. In the event a superseding indictment is not returned, the Government will be required to elect a single count within Counts One through Five on which to proceed at trial.

IT IS FURTHER ORDERED that Defendant's motion to dismiss Counts One through Five on the basis that 18 U.S.C. § 228(b) is unconstitutional (#28) is DENIED. However, if this case goes to trial, the jury may not be instructed on the presumption contained within § 288(b).

IT IS SO ORDERED.

DATED this 18th day of December, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE