AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>vs.<br>CHARLES ANDREW THURMAN | **JUDGMENT IN A CRIMINAL CASE**<br><br>CASE NUMBER: 3:06-cr-169-LRH(RAM)<br><br>USM NUMBER: 85939-008<br><br>Cynthia Hahn and Vito de la Cruz |

```
FILED              RECEIVED
ENTERED            SERVED ON
        COUNSEL/PARTIES OF RECORD

    MAY   8  2008

CLERK US DISTRICT COURT
   DISTRICT OF NEVADA
BY: _____ DEPUTY
```

THE DEFENDANT:                                        DEFENDANT'S ATTORNEY

( ✓ )  pled guilty to <u>Count 1 of the Second Superseding Indictment</u>
(   )  pled nolo contendere to count(s) _____ which was accepted by the court.
(   )  was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Date Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 228(a)(3) | Failure to Pay a Child Support Obligation | 1/10/08 | 1 |

The defendant is sentenced as provided in pages 2 through  <u>5</u>  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

(   )  The defendant has been found not guilty on count(s) _____
( ✓ )  <u>Count 2 of the Second Superseding Indictment, the Superseding Indictment filed September 12, 2007 and the Indictment</u> <u>filed October 25, 2006</u> are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

MAY 5, 2008
Date of Imposition of Judgment

_____
Signature of Judge

LARRY R. HICKS
U.S. DISTRICT JUDGE
Name and Title of Judge

5/8/08
Date

AO 245D   (Rev. 06/05) Judgment in a Criminal Case for Revocations
Sheet 4 - Probation

DEFENDANT:   CHARLES ANDREW THURMAN                                      Judgment - Page  2

CASE NUMBER:  3:06-cr-169-LRH(RAM)

# PROBATION

The defendant is hereby sentenced to probation for a term of <u>FIVE (5) YEARS</u>

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

( √ )     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

( √ )     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

( √ )     The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

(   )     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

(   )     The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)     the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)     the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)     the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)     the defendant shall support his or her dependants and meet other family responsibilities;

5)     the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)     the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7)     the defendant shall refrain from excessive use of alcohol;

8)     the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)     the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 3:06-cr-00169-LRH-RAM   Document 56   Filed 05/08/08   Page 3 of 5
AO 245B - (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT:    CHARLES ANDREW THURMAN                          Judgment - Page  4
CASE NUMBER:   3:06-cr-169-LRH(RAM)

## SPECIAL CONDITIONS OF SUPERVISION

1.  Possession of Weapon - The defendant shall not possess, have under his/her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2.  Warrantless Search - The defendant shall submit his/her person, property, residence, place of business and vehicle under his/her control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3.  Restitution Obligation - The defendant shall make restitution in the amount of SIXTY SIX THOUSAND SIX HUNDRED THIRTY NINE & 60/100ths DOLLARS ($66,639.60), pursuant to a payment schedule to be determined by the probation officer. Restitution shall be paid at a rate of no less that ten percent (10%) gross wages while on probation, subject to adjustment based on the ability to pay.

4.  Home Confinement With Electronic Monitoring - The defendant shall be confined to home confinement with electronic monitoring, for a period of TEN (10) MONTHS. Defendant shall not leave his/her confinement residence except for approved leave by the Court or the probation officer for religious, employment or medical reasons or other specified times. The defendant shall maintain a telephone at his/her place of residence without "Call Forwarding," "Call Waiting," or "Call Back/Call Block" services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the U.S. Probation Office. The defendant shall pay to the electronic contracting service the full amount of the cost of electronic monitoring services. If defendant is not able to pay the full amount, the Probation Office shall determine to what extent defendant is able to pay for the cost of electronic monitoring services. The Probation Office shall have the discretion to modify the conditions of electronic monitoring. The defendant shall also pay for damaged, destroyed, or unreturned electronic monitoring equipment at a cost to be determined by the probation officer. If a medical or family emergency leave occurs without approval of the Court or probation officer, the defendant must provide proof of the emergency immediately to the probation officer.

5.  Debt Obligation - The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts, without the approval of the probation officer.

6.  Access to Financial Information - The defendant shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which the defendant has a control or interest.

7.  Lawful Driver - Defendant shall not operate a motor vehicle unless lawfully licensed, registered, and insured.

8.  True Name - Defendant shall use his true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

9.  Financial Polygraph/Truth Verification Testing - Defendant shall submit to polygraph/truth verification testing as directed by the probation officer to insure compliance with his financial condition.

10. Payment of Child Support - The defendant shall make a good faith attempt to regain meaningful employment and to pay past and current child support. Defendant shall review and document that effort with the State of Nevada in the interests of attempting to regain his driver's license. The Court recommends that the state assess the good faith efforts of defendant, analyze his financial circumstances as need be, and make a determination as to whether defendant's driver's license can be reinstated.

AO 245B - (Rev 06/05) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT:   CHARLES ANDREW THURMAN | Judgment - Page  5 |
| CASE NUMBER:   3:06-cr-169-LRH(RAM) | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00<br>Due and payable immediately. | $WAIVED | $66,639.60 |

(  )  On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

(  )  The determination of restitution is deferred until _____.  An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

(  )  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No. 3:06-cr-169-LRH(RAM)<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| TOTALS                  : | $66,639.60 | $66,639.60 | |

Restitution amount ordered pursuant to plea agreement:  $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

the interest requirement is waived for the:  (  ) fine  (  ) restitution.
the interest requirement for the:   (  ) fine   (  ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B - (Rev 06/05) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

DEFENDANT:    CHARLES ANDREW THURMAN                                    Judgment - Page    5
CASE NUMBER:   3:06-cr-169-LRH(RAM)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    ( ✓ )   Lump sum payment of $ 100.00 due immediately, balance due
              (  )     not later than _____; or
              (  )     in accordance with (  ) C, (  ) D, or (  ) E below; or

B    (  )    Payment to begin immediately (may be combined with (  ) C, (  ) D, or (  ) E below; or

C    (  )    Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____
             _____ over a period of _____ (e.g. months or years), to _____ (e.g., 30 or 60
             days) after the date of this judgment; or

D    (  )    Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____
             _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term
             is supervision; or

E            Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release
             from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
             time; or

F    ( ✓ )   Special instructions regarding the payment of criminal monetary penalties:
             Restitution Obligation - The defendant shall make restitution in the amount of SIXTY SIX THOUSAND SIX
             HUNDRED THIRTY NINE & 60/100ths DOLLARS ($66,639.60), pursuant to a payment schedule to be determined by the
             probation officer. Restitution shall be paid at a rate of no less that ten percent (10%) gross wages while on probation, subject to
             adjustment based on the ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties
is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

(  )    Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several
        Amount, and corresponding payee, if appropriate.

(  )    The defendant shall pay the cost of prosecution.

(  )    The defendant shall pay the following court cost(s):

(  )    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.